UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JEANETTE BOUTWELL, on behalf of
herself and others similarly situated**

    **Plaintiff,**

v.                                            **Case No: 5:16-cv-93-Oc-34PRL**

**WARRIOR CUSTOM GOLF, INC.**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Before the Court are documents submitted by the parties in relation to their negotiated settlement of this action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). (Doc. 14). In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

The parties' initial proposed settlement agreement included an improper general release and a future employment waiver. (Docs. 12-1, 13). Rather than recommend denial of the motion

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

outright, I gave the parties an opportunity to file a revised settlement agreement (Doc. 13), which they have now done.  (Doc. 14-1).

In the Amended Complaint (Doc. 5), Plaintiff alleges that Defendant violated the FLSA by failing to pay her at a rate of time and one-half for overtime hours worked; instead, Defendant would pay Plaintiff from two different accounts, both of which were paid at straight pay to avoid paying her overtime.  Plaintiff claims that she was owed compensation for 400 hours that were paid at a rate of straight time ($10/hour) instead of overtime.  In total, Plaintiff contends that she is owed $4,000.00 pursuant to the FLSA, including liquidated damages.  Although Defendant denies Plaintiff's allegations (Doc. 7), it made the decision to settle this case to avoid the costs and uncertainly of further litigation.

Pursuant to the terms of the settlement agreement (Doc. 14-1), Defendant will pay Plaintiff $4,000.00 to resolve her overtime claims under the FLSA.  In addition, the parties represent that counsel for Plaintiff and Defendant have negotiated a resolution of Plaintiff's claims for attorneys' fees and costs separately and without regard to the amount paid to Plaintiff.  Defendant will pay Plaintiff's counsel attorneys' fees and costs in the total amount of $4,440.00.

Having reviewed the proposed settlement agreement (Doc. 14-1), I submit that the proposed settlement is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel.  *Lynn's Food Stores, Inc.,* 679 F.2d at 1354-55.  The parties, who were represented by experienced counsel agree that the settlement is a fair and reasonable resolution of Plaintiff's claims.  In addition, because the agreed-upon fees and costs to be paid to Plaintiff's counsel were determined independently, did not affect the payment to Plaintiff, and otherwise appear to be reasonable, I need not separately consider the reasonableness of the fees

and costs to be paid to Plaintiff's counsel. *Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

Accordingly, I submit that the parties' joint motion for approval of settlement (Doc. 14) should be **GRANTED;** the Settlement Agreement and Release (Doc. 14-1) should be **APPROVED**; and the case should be **DISMISSED** with prejudice.

Recommended in Ocala, Florida on July 6, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy